961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Dale SMITH, Petitioner-Appellant,
v.
Donal CAMPBELL, Warden, Respondent-Appellee.
 Nos. 91-6502, 92-5016.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1992.
 
 Before RALPH B. GUY, JR. BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Jimmy Dale Smith, a Tennessee prisoner represented by counsel, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smith pled guilty to two counts of assault with the intent to commit murder and one count of armed robbery for which he received three concurrent sixty year sentences. He decided to enter a guilty plea after his criminal trial had started, but before the case was submitted to the jury. In April 1985, Smith filed a motion for post-conviction relief with the state trial court contending his trial counsel was ineffective and his guilty plea was not knowingly and voluntarily made. After a hearing, the motion was denied. The decision was subsequently affirmed by the Tennessee appellate courts.
 
 
 3
 Smith filed a petition for a writ of habeas corpus raising the same issues he presented to the Tennessee state courts. The case was referred to a magistrate judge who recommended the petition be dismissed. Over Smith's objections, the district court adopted the report as modified by its memorandum and dismissed the petition. Smith and his attorney filed separate notices of appeal. In his rambling brief, Smith essentially raises the same issues he presented to the district court. Smith requests that his post-conviction transcript be altered and moves for leave to proceed in forma pauperis. Smith's attorney argues that: 1) the district court erred by not conducting an evidentiary hearing as to whether Smith's trial counsel was ineffective; 2) Smith's guilty plea was not voluntary because it was induced as a result of his trial counsel's refusal to allow Smith the opportunity to testify on his own behalf; and 3) the guilty plea was involuntary because the trial court would not permit Smith to testify in his own defense.
 
 
 4
 Upon de novo review, we conclude the district court properly dismissed the habeas petition because Smith was not denied a fundamental right when he entered his guilty plea. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Given the circumstances of this case, the district court was not required to hold an evidentiary hearing. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987). Smith's trial counsel did not prevent him from testifying on his own behalf. The trial court's decision not to permit Smith to testify did not deprive Smith of a constitutional right. See Rock v. Arkansas, 483 U.S. 44, 55 (1987); Chambers v. Mississippi, 410 U.S. 284, 302 (1973); Ortega v. O'Leary, 843 F.2d 258, 261-62 (7th Cir.1988). Finally, Smith's guilty plea was knowingly, voluntarily, and intelligently given. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991).
 
 
 5
 Accordingly, we grant Smith's motion to proceed in forma pauperis for purposes of this appeal, deny the request to alter the post-conviction transcript, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.