959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon C. ALCORN, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 91-6229.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Leon C. Alcorn, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury found Alcorn guilty in October 1988 to charges of second degree assault and first degree persistent felony offender for which he received a sentence of 20 years. On direct appeal to the Kentucky Supreme Court, Alcorn argued that the trial court erred when it denied his motions for a continuance based upon a missing material witness and for a new trial due to prosecutorial misconduct during closing argument. The prosecutorial misconduct concerned comments that: 1) Alcorn was "a dangerous man," 2) he was the "biggest, meanest looking, ugly" guy in the street, 3) amazement that the defense could say that the victim was the aggressor, and 4) if the jury found Alcorn guilty of fourth degree assault, he would walk out of the courtroom a happy man. The Kentucky Supreme Court refused to consider the merits of Alcorn's claims with regard to three of the comments (numbered 1-3 above) because Alcorn had failed to make contemporaneous objections as required by the Kentucky Rules of Criminal Procedure. The court affirmed the conviction in August 1989.
 
 
 3
 Alcorn filed a post-conviction motion under Ky.R.Crim.P. 11.42 with the trial court claiming that he was denied effective assistance of counsel. The motion was overruled and the decision affirmed by the Kentucky appellate courts.
 
 
 4
 In his habeas petition Alcorn presented the same two issues that he raised in his direct appeal. The case was referred to a magistrate judge who recommended the petition be dismissed. Alcorn filed objections to the report's conclusions concerning the prosecutorial misconduct issue. No objections were filed as to the continuance issue. Over Alcorn's objections, the district court adopted the magistrate judge's report and dismissed the petition. Alcorn filed this timely appeal raising the continuance and prosecutorial misconduct issues.
 
 
 5
 Upon de novo review, we conclude that Alcorn received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 6
 Because Alcorn did not file timely objections to the magistrate judge's recommendation on the continuance argument after being advised to do so, he has waived his right to appeal this issue. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 7
 Alcorn did not object to three of the prosecutor's comments. The Kentucky Supreme Court expressly denied relief as to these comments because Alcorn did not make a contemporaneous objection to them. Because Alcorn's claims are now precluded by this procedural default, he must show cause and prejudice to excuse his error in order to obtain federal review. See Teague v. Lane, 489 U.S. 288, 297-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). Alcorn has failed to satisfy this burden. The remaining comment is not so misleading or prejudicial as to entitle Alcorn to habeas relief. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.