959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Lee BODYTKO, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-6103.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judge, and LIVELY and BAILEY BROWN, Senior Circuit Judges.
 
 ORDER
 
 1
 Terry Lee Bodytko, a pro se Kentucky prisoner, appeals a district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1986, a jury found Bodytko guilty of five counts of trafficking in a controlled substance and one count of being a first degree persistent felony offender for which he received a sentence of 40 years. On direct appeal to the Kentucky Supreme Court, Bodytko argued that he was denied a fair trial due to a response made by one of his five co-defendants during trial. Bodytko also argued that the trial court erred by refusing to dismiss the persistent felony offender charge and to disqualify the Jefferson County Commonwealth Attorney's staff. The Kentucky Supreme Court affirmed the conviction.
 
 
 3
 Bodytko then filed a motion to vacate his sentence under Ky.R.Crim.P. 11.42 which was denied by the trial court. On appeal to the Kentucky Court of Appeals, Bodytko argued that: 1) he was entitled to a default judgment because the Commonwealth failed to file an answer with the trial court, and 2) the trial court erred in dismissing his motion on the grounds that the issues raised in the RCr 11.42 motion were the same as those that had been raised in his direct appeal. The Kentucky Court of Appeals affirmed finding Bodytko was not entitled to a default judgment as a matter of state law and that although the issues raised in the RCr 11.42 motion were not the same as those presented in the direct appeal, the issues were not reviewable because they should have been raised in the direct appeal. Bodytko v. Commonwealth, 89-CA-345-MR, slip op. at 2 (Ky.App. May 18, 1990). Bodytko then filed his petition for a writ of habeas corpus raising 19 grounds for relief. The district court dismissed the petition concluding that several claims were procedurally barred and others were without merit. Bodytko then filed a motion for rehearing under Fed.R.Civ.P. 59 which was subsequently denied. Bodytko then filed this timely appeal raising a multitude of issues.
 
 
 4
 Upon de novo review, we conclude that Bodytko received a fundamentally fair trial, see Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990), and that Bodytko has not shown cause and prejudice to excuse his procedural defaults in the Kentucky appellate courts. See Teague v. Lane, 489 U.S. 288, 297-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991).
 
 
 5
 Accordingly, we affirm the district court's judgment for the reasons set forth in the memorandum opinion filed on June 21, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.