977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Faruq A. HUSAM'ADEEN, Petitioner-Appellant,
v.
Phillip PARKER, Respondent-Appellee.
 No. 92-3499.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner requests the appointment of counsel, leave to proceed without prepayment of fees, and a transcript at government expense. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and petitioner's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has declined to file an appellate brief.
 
 
 3
 Following a jury trial, Faruq A. Husam'Adeen was convicted of voluntary manslaughter with a firearm specification and sentenced to five to twenty-five years imprisonment plus three years for the firearm specification. The charges arose after petitioner fatally shot his brother following an allegedly unprovoked attack by the brother. Petitioner claimed self-defense. The conviction was affirmed by the Ohio Court of Appeals for the Eighth Appellate District; the Ohio Supreme Court denied petitioner's motion for review.
 
 
 4
 In his application for a writ of habeas corpus, Husam'Adeen claimed that the trial court abused its discretion by limiting the scope of voir dire, by giving an erroneous instruction on self-defense, by questioning a witness about religious beliefs and by commenting on the conduct of defense counsel. He also claimed that gruesome photographs of the victim were improperly admitted into evidence at trial.
 
 
 5
 Upon review, we conclude that the petition was properly dismissed. Review of the record shows that each of Husam'Adeen's claims was presented to the state courts solely in terms of state law. Alleged errors of state procedure and evidence rarely provide a basis for federal habeas relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). A federal court must defer to a state court's interpretation of its own rules of evidence and procedure. Allen v. Morris, 845 F.2d 610, 614 (6th Cir.1988), cert. denied, 488 U.S. 1011 (1989). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle, 112 S.Ct. at 480.
 
 
 6
 Moreover, to the extent Husam'Adeen now asserts that the alleged trial errors denied him his constitutional rights, he did not fairly present the constitutional claims for state review, that is, he did not raise them during the course of his direct appeal. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991). Husam'Adeen is now procedurally barred under Ohio law from raising these claims in state court. He is not entitled to federal review of his claims because he did not establish cause to excuse his failure to present his federal claims for prior consideration by the state courts and actual prejudice resulting from this error. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). Finally, it does not appear that Husam'Adeen is "actually innocent" of the crime charged. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 7
 Accordingly, the requests for miscellaneous relief are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.