986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William French SMITH, Petitioner-Appellant,
v.
William H. DALLMAN, Supt., Respondent-Appellee.
 Nos. 92-3549, 92-3574.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 William French Smith appeals the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Hamilton County, Ohio, Court of Common Pleas in January 1988, Smith was convicted of four state drug trafficking offenses involving LSD. Smith was sentenced to a cumulative 15-65 year sentence by the trial court. Smith's convictions were affirmed by the Ohio Court of Appeals on direct appeal and the Ohio Supreme Court denied review.
 
 
 3
 Thereafter, Smith filed his petition in the district court by counsel essentially alleging: (1) evidence that petitioner had a similar prior drug conviction involving LSD was improperly admitted into evidence; and (2) the prosecution improperly referred to this prior conviction in his closing argument. After respondent filed a return of writ and supplemental briefing was conducted, the magistrate judge recommended that the petition be denied. Smith filed objections to the magistrate judge's recommendation and the district court initially adopted the magistrate judge's recommendation in part and remanded the case to the magistrate judge in part. Thereafter, the district court entered an order amending its earlier order, adopting the magistrate judge's report and recommendation in full, and denying the habeas petition.
 
 
 4
 Smith filed a timely notice of appeal taken from the district court's judgment (Case No. 92-3549) and a timely amended notice of appeal taken from the same judgment (Case No. 92-3574). The district court granted Smith a certificate of probable cause to appeal.
 
 
 5
 Upon consideration, we conclude that the petition was properly denied because petitioner did not fairly present his claims to the state court of appeals and cannot show cause and prejudice for this failure. Generally, petitioner is required to fairly present his claims to the state courts to provide an opportunity for them to correct any constitutional violation. See Castille v. Peoples, 489 U.S. 346, 349 (1989). Here, petitioner made only passing reference to a "fair trial" with respect to either of the claims asserted herein in his brief on direct appeal to the Ohio Court of Appeals. Under these circumstances, the claims cannot be deemed fairly presented to the Ohio courts. See Castille, supra; Riggins v. McMackin, 935 F.2d 790, 791-93 (6th Cir.1991). Therefore, petitioner must now show cause for his failure to fairly present each of his claims to the state courts and prejudice resulting therefrom. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins, 935 F.2d at 793. Upon careful consideration, we conclude that petitioner cannot show prejudice because neither his claim of evidentiary error, see Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988), nor his claim of improper closing argument, see Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc), arises to the level of constitutional error.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.