991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Halton WEST, also known as Jelly, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2337.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner, Halton West, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to Fed.R.Crim.P. 11, West pleaded guilty to conspiracy and possession of cocaine with intent to distribute. He was sentenced to 380 months imprisonment. Pursuant to the plea agreement, the government agreed to dismiss count three of the indictment and to file a Fed.R.Crim.P. 35(b) motion requesting that West's sentence be reduced to 120 months, as West had provided substantial assistance to the government. The court granted the motion, but only reduced West's sentence to 180 months.
 
 
 3
 West filed his present motion to vacate sentence arguing that his negotiated plea agreement was violated when the court sentenced him to 180 months instead of 120 months as requested by the government. The district court denied the motion as frivolous. West filed a timely appeal
 
 
 4
 Upon review, we affirm the district court's judgment because West has not shown any defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 West's claim that his plea bargain was violated was properly dismissed because he did not show that his guilty plea was induced by threats or misrepresentation. See Brady v. United States, 397 U.S. 742, 755 (1970). West's allegations, when viewed against the record of the plea hearing, are patently frivolous so as to warrant summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 76 (1977). The record establishes that West understood his rights, and that by pleading guilty he would be giving up his rights. West's plea was valid under the totality of the circumstances. Brady, 397 U.S. at 749; Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.