993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Allan GRAY, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 92-2316.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 1
 Before MARTIN and BOGGS, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Michael Allan Gray is a pro se Michigan prisoner who appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1984, Gray pled guilty to one count of armed robbery in exchange for the dismissal of other felony charges. He received a 30 to 50 year sentence as a result of this conviction. In his current petition, Gray alleged: 1) that his plea was invalid because he had been misadvised regarding the maximum sentence that he might receive; 2) that his trial counsel was ineffective for this reason; and 3) that his appellate counsel was ineffective because he did not challenge the competency of trial counsel on direct appeal. On October 8, 1992, the district court adopted a magistrate judge's recommendation and dismissed Gray's petition. It is this judgment that Gray now appeals.
 
 
 4
 The record indicates that Gray attempted to raise his present claims in a post conviction motion. However, the trial court held that those claims had been waived because they were not raised on direct appeal. The Michigan Court of Appeals denied Gray's motion for leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court declined further review because it was "not persuaded that the questions presented should be reviewed." These decisions show that Gray has not effectively presented his claims to the state courts. There is no exhaustion problem in this type of case because state review is no longer available to Gray on these claims. However, Gray must still show cause and prejudice that would excuse the failure to pursue his remedies in state court as prescribed by 28 U.S.C. § 2254(b). See Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). He has not satisfied this test.
 
 
 5
 Gray has not shown prejudice because the arraignment transcript clearly demonstrates the validity of his plea. Gray alleged that his plea was invalid because his trial counsel had mistakenly advised him that he would receive no more than a 15 to 20 year sentence under Michigan's sentencing guidelines. However, the arraignment transcript demonstrates that Gray understood that he could be sentenced to prison for life. It also indicates that the prosecution's agreement regarding Gray's plea was limited to the dismissal of several other charges. There was no promise to recommend a particular sentence or to recommend a sentence within the guidelines. Gray cannot argue now that his plea bargain was other than that which he agreed to in open court. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 6
 Gray has not shown cause because his appellate counsel's failure to raise meritless claims was not constitutionally deficient. Gray alleged that his trial counsel was ineffective because he did not apprise him of the trial court's discretion in departing from the guidelines and that his appellate counsel was ineffective because he did not challenge his trial attorney's competence on appeal. To establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance so prejudiced his defense as to render his trial unfair and the verdict unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, Gray must demonstrate a reasonable probability that he would not have pled guilty and would have insisted on going to trial if counsel had not made the alleged errors. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 7
 Gray's colloquy with the trial court indicates his willingness to plead guilty in exchange for the prosecution's agreement to dismiss several other charges, even though he knew that a life sentence was possible. Thus, Gray has not shown that he was prejudiced by the alleged error of his trial counsel. See id. at 60. Furthermore, in light of this record, it cannot be said that appellate counsel was ineffective for failing to raise meritless arguments on appeal. See Murray v. Carrier, 477 U.S. 478, 486-88 (1986). Therefore, Gray's habeas petition was properly denied because he did not show either cause or prejudice that would excuse his failure to present his claims effectively in the state courts. See id. at 488.
 
 
 8
 Gray now argues only that he was entitled to an evidentiary hearing on his claims. He argues that the factual findings of a state court are not always entitled to a presumption of correctness under 28 U.S.C. § 2254(d). However, the district court did not rely on any state court findings in denying Gray's petition. Instead, the court referred directly to the arraignment transcript, which clearly indicates that Gray understood the consequences of his plea. The determination as to whether an evidentiary hearing is needed lies within the sound discretion of the district court. Sims v. Livesay, 970 F.2d 1575, 1579 (6th Cir.1992). The court did not abuse its discretion in the present case. See Baker, 781 F.2d at 89.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation