7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy Scott DIEHL, Petitioner-Appellant,
v.
John W. HAWLEY, Respondent-Appellee.
 No. 93-1292.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Randy Scott Diehl is a Michigan prisoner who appeals pro se from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Diehl pleaded guilty to breaking and entering an occupied building and to committing an assault with the intent to commit armed robbery. In his petition, Diehl alleged that the trial court erred by accepting his guilty pleas, that he was not apprised of all of the consequences of his pleas, that he was induced to plead guilty by the threatened prosecution of his wife, that the trial court did not ascertain the validity of his pleas, that the record of his arraignment and plea agreement was incomplete, and that he was denied effective assistance of counsel. On November 30, 1992, the district court adopted a magistrate judge's recommendation and dismissed the petition because Diehl had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b). It is from this judgment that Diehl now appeals.
 
 
 3
 A review of the record clearly indicates that Diehl has not satisfied the exhaustion requirement. Diehl appealed his conviction directly to the Michigan Court of Appeals, but he did not raise all of the issues that are included in his habeas corpus petition. Moreover, Diehl did not seek further review by the Michigan Supreme Court when his conviction and sentence were affirmed. In 1988, Diehl filed a delayed motion for a new trial, which was denied by the trial court. However, Diehl also failed to appeal this decision.
 
 
 4
 In October 1989, the Michigan Supreme Court promulgated new rules which made filing a motion for relief from judgment the exclusive procedure for seeking post conviction relief after a direct appeal. Mich.Court Rules 6.500-6.509. Diehl's second delayed motion for a new trial was construed as a motion for relief from judgment under these rules. In this motion, Diehl raised each of the claims that are included in his current petition. The motion was denied by the state trial court while the present case was being considered by the district court. The district court dismissed Diehl's habeas corpus petition because the way was then clear for him to appeal the state trial court's decision.
 
 
 5
 It appears, however, that Diehl has not pursued an appeal of the trial court's decision. Thus, Diehl's claims have not been presented to the Michigan Supreme Court by any means. Moreover, the prescribed period for appealing the trial court's order has expired. See Mich.Ct.Rule 6.509. Therefore, Diehl is now procedurally barred from satisfying the exhaustion requirement. See Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991).
 
 
 6
 Diehl's failure to present his claims to the Michigan Supreme Court does not bar consideration of his habeas corpus petition, as there are now no longer any state court remedies available to Diehl which would allow him to present his claims to the Michigan appellate courts. However, to obtain federal review under these circumstances, Diehl must show cause that would excuse his failure to satisfy the exhaustion requirement and actual prejudice from the errors that he has alleged. See id.
 
 
 7
 Accordingly, the district court's judgment is vacated, and the case is remanded for further proceedings to determine whether Diehl can show cause and prejudice that would excuse his failure to present his claims to the Michigan Supreme Court. Rule 9(b)(3), Rules of the Sixth Circuit.