7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David SMITH, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 93-3415.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1993.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 David Smith, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellee has informed the court that he will not be filing a brief.
 
 
 3
 In 1990, Smith pleaded guilty to two counts of aggravated robbery with gun specifications. He was sentenced to two consecutive terms of three years' actual incarceration for the firearm specifications and two concurrent terms of five to twenty-five years for the aggravated robbery convictions.
 
 
 4
 After exhausting his available state court remedies, Smith filed his petition for habeas relief claiming that his guilty plea was not knowingly and voluntarily given and that his counsel was ineffective. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as meritless. In his timely appeal, Smith raises the same issues that he presented to the district court. He requests oral argument.
 
 
 5
 Upon review, we conclude that Smith has not shown that the proceedings were fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The totality of the circumstances establishes that Smith's plea was voluntarily, knowingly, and intelligently entered. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 240-44 (1969); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991). Furthermore, Smith has not shown that, but for the trial court's refusal to grant his attorney's withdrawal, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 6
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation