12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Otto BRYAN, Petitioner-Appellant,
v.
Robert G. REDMAN, Respondent-Appellee.
 No. 92-2088.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Robert Otto Bryan filed a habeas corpus petition under 28 U.S.C. Sec. 2254 challenging the life sentence he received after he pled guilty to second-degree murder. Bryan alleges that he was denied effective assistance of counsel because his attorney recommended to the court that it impose a life sentence rather than a forty to sixty year sentence in the mistaken belief that Bryan would become eligible for parole sooner. The district court dismissed the petition because Bryan had not presented his claim in a timely manner to the state court, and he failed to establish cause and prejudice.
 
 
 2
 In this appeal, we must decide whether Bryan's claim is procedurally barred in state court, and, if so, whether Bryan has established cause and prejudice to excuse his procedural default. Because we conclude that Bryan committed a procedural default and failed to establish cause of prejudice, we affirm the district court's order dismissing the petition.
 
 I.
 
 3
 Bryan murdered a man in 1972 by tying him to a bed and slitting his wrists. In February 1974, he pled guilty to second-degree murder in the Circuit Court of Cass County, Michigan. The court sentenced Bryan to life in prison, advised him of his right to appeal and have appointed counsel, and advised him that he had to request an appeal within sixty days. Bryan, however, did not request an appeal.
 
 
 4
 Since then, Bryan and his attorneys have filed a variety of motions and petitions. In November 1974, Bryan filed a delayed motion for a new trial. Counsel was appointed for Bryan and the motion was held on "open adjournment" pending action by counsel. In 1978, Bryan's lawyer filed another motion for a new trial that was ultimately denied. In 1981, Bryan moved to withdraw his appointed counsel, and he requested that all legal proceedings in his case be dropped, including his appeals. In 1987, Bryan filed, pro se, a petition for writ of habeas corpus that was denied for failure to exhaust state remedies.
 
 
 5
 Bryan's current habeas petition is based on a claim of ineffective assistance of counsel at sentencing. Bryan alleges that at the time of his sentencing, the court "suggested" a sentence of forty to sixty years, but Bryan's counsel at the time recommended to the court that it impose a life sentence, instead. Allegedly, Bryan's counsel made this recommendation under the misconception that Bryan would become eligible for parole sooner if sentenced to life rather than to a term of forty to sixty years. The court acquiesced, and sentenced Bryan to life. In 1989, Bryan filed a motion for resentencing claiming ineffective assistance of counsel at sentencing for his counsel's action in recommending the life sentence. The court denied this motion in a written order in 1990, and leave to appeal was denied by the Michigan Court of Appeals and the Michigan Supreme Court.
 
 
 6
 Bryan then filed this petition for habeas corpus alleging lack of effective assistance of counsel at sentencing and in pursuing an appeal. A magistrate recommended that the petition be dismissed because Bryan had committed a state procedural default by not presenting his claim to the state courts in a timely manner. The district court accepted this recommendation and issued an order dismissing the habeas corpus petition. On appeal, Bryan argues that the district court improperly relied upon the state court procedural default, and in any event, the ineffective assistance of his counsel constituted cause sufficient to excuse the default.
 
 II.
 
 7
 We review a petition for habeas corpus de novo, but we give complete deference to evidence-supported state court findings and review any findings of fact made by the district court for clear error. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Under 28 U.S.C. Sec. 2254, state prisoners may file a petition for a writ of habeas corpus challenging the constitutionality of their state court convictions. Generally, state prisoners must first fairly present their claims to the state courts to provide them an opportunity to remedy any constitutional infirmity in the conviction. Castille v. Peoples, 489 U.S. 346, 349 (1989). If a prisoner fails to present his claim to a state court and is now barred from pursuing relief in that court, federal habeas review of the claim is barred unless the prisoner can show cause to excuse his failure to present the claim in the state court and actual prejudice to his defense at trial or on appeal. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991).
 
 
 8
 Thus, the first issue is whether Bryan's claim was procedurally barred in state court. In order for procedural default to bar federal habeas relief, the last state court rendering a decision in the case must clearly and expressly state that its decision rests on a state procedural bar. Harris v. Reed, 489 U.S. 255, 262-63 (1989). If the last state court judgment is clearly premised on a question of state procedural law that is independent of the merits of the federal claim, then habeas relief is not available. Id. at 264. State procedural issues will be considered an independent and adequate basis for a state court judgment even if they are given as alternative grounds for the decision by the state court. Id. at 264 n. 10. For purposes of habeas review, the last state court judgment is the last "explained" state court judgment. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 9
 The critical inquiry in this case then is whether the Cass County Circuit Court clearly and expressly relied on the fact that Bryan's motion for resentencing was untimely, thus enforcing the state's procedural rule requiring such motions to be filed in a timely manner. Bryan argues that the decision of the state court did not clearly rely on the state procedural bar. We are not persuaded. When the state judge denied Bryan's motion for resentencing, he stated:
 
 
 10
 Now, this is back in 19-- see, the precise time, December 24, 1981, he filed the motion on withdrawing all of his claims of appeal and saying he didn't want to pursue it any longer. And, unfortunately, that makes it more difficult to examine into the issue of what exactly was said and done by his counsel. People's memories now, after nine years have passed, are going to be dimmed. And to raise now the only issue I can possibly see here, and that is the wisdom of [the trial counsel's] alleged urging to the Trial Judge, and whether or not that even had anything to do with what the Judge finally did, with all the notoriety the case had and the recommendations of the Prosecutor and the presentence investigator, would be very difficult to do. So I don't believe it is timely.
 
 
 11
 And then, secondly, I am not convinced because of those arguments made by the Prosecutor in his case that it was a bad mistake or any glaring error in the representation of the Defendant.... [I]f he made this recommendation, he made a recommendation which, if true and assuming it is true that he made it and it was relied upon, cannot be said to be critical error, taking all things into consideration.
 
 
 12
 This opinion suggests that the trial court denied Bryan's claim for two reasons. First, it was not timely raised because (1) Bryan failed to request an appeal within sixty days, and (2) he waited fifteen years (from the time of sentencing) before raising the ineffective assistance of counsel issue. Second, the state court held that Bryan's claim of ineffective assistance of counsel lacked merit. Even when presented as alternative grounds, state procedural issues are an independent and adequate basis for a state court judgment. Harris, 489 U.S. at 264 n. 10.
 
 
 13
 Therefore, we conclude that Bryan's failure to properly raise his claim of ineffective assistance of counsel in state court bars him from seeking federal habeas relief absent a showing of cause and prejudice.
 
 
 14
 The cause and prejudice standard invokes, of course, a two-pronged test. To establish cause the petitioner must present a substantial reason to excuse the default. Coleman v. Thompson, 111 S.Ct. 2546, 2567 (1991). Cause must be something that cannot be attributed to the petitioner. Id. In this case, Bryan argues that failure of his appointed counsel to pursue an appeal for seven years resulted in the untimely filing of the motion in 1989. However, Bryan dismissed his appellate counsel in 1981 and requested that all appeals be dropped. Bryan did not raise the claim of ineffective assistance of counsel until he filed a delayed motion for new trial in 1989. This eight year delay can only be attributed to Bryan. Moreover, Bryan did not file a claim of appeal or request appointed counsel within sixty days of his sentencing as required by Michigan law. Consequently, we conclude that Bryan has failed to demonstrate cause.
 
 
 15
 Even assuming cause, Bryan has not shown that he was actually prejudiced as a result of the claimed constitutional error. United States v. Frady, 456 U.S. 152, 167-69 (1982). Bryan has not demonstrated that absent his counsel's error, the trial court would have sentenced him to a forty to sixty year term as opposed to life. The prosecutor and the presentence report both urged a life sentence. Considering the brutality of the crime and that Bryan pled guilty to a single count of second degree murder, we think it entirely likely that the trial court would have sentenced Bryan to a life term even if his counsel argued for a forty to sixty year sentence.
 
 
 16
 We conclude, therefore, that the district court did not err in concluding that the petitioner failed to establish cause and prejudice.
 
 III.
 
 17
 For the foregoing reasons, we AFFIRM the district court's judgment denying Bryan's petition for writ of habeas corpus.