28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joel PATTERSON, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 94-3001.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: JONES and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Joel Patterson, a pro se Ohio prisoner, appeals a district court order dismissing his request for habeas relief filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that he will not be filing a brief.
 
 
 2
 In 1972, Patterson pleaded guilty to second degree murder and was sentenced to life imprisonment. In his direct appeal to the Ohio Court of Appeals, Patterson argued that: 1) his Fourth Amendment rights were violated due to an illegal search and seizure; 2) his right to a jury trial was violated by his guilty plea; 3) the guilty plea was not voluntary; and 4) his confession was extracted without proper safeguards. The Ohio Court of Appeals affirmed the conviction. Patterson then sought review from the Ohio Supreme Court which ultimately dismissed the appeal for want of prosecution.
 
 
 3
 Patterson then requested post-conviction relief in the Trumbull County (Ohio) Common Pleas Court which subsequently denied Patterson's request for relief. On appeal, Patterson alleged that: 1) the guilty plea was not voluntary; 2) the guilty plea was based on a misrepresentation and a misunderstanding of the law; and 3) the trial court erred in denying Patterson's request to appoint him an attorney in the post-conviction proceeding. The Ohio Court of Appeals affirmed the trial court's decision, and the Ohio Supreme Court denied Patterson's appeal.
 
 
 4
 Patterson then filed his petition for habeas relief contending that: 1) his case was improperly removed from juvenile court; 2) no formal complaint was filed against him; 3) he never received notice to appear at a probable cause or transfer hearing; and 4) his attorney was ineffective. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as meritless.
 
 
 5
 In this timely appeal, we construe Patterson's brief as raising the same issues that he presented in his habeas petition. Patterson requests oral argument.
 
 
 6
 Upon review, we affirm the district court's order because Patterson has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). Although the district court properly dismissed Patterson's petition, we affirm the district court's order for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 7
 Patterson's arguments, which he raised in his habeas petition, were not presented to Ohio's appellate courts. Because the issues were not properly presented to Ohio's appellate courts, Patterson must show cause and prejudice to excuse his failure to raise his arguments in the state courts before the federal courts can address the merits of his claims. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). Patterson has not shown any cause to excuse his failure to raise the issues presented in his habeas petition to Ohio's appellate courts, and none is otherwise apparent from the record. Furthermore, no exceptional circumstances are present in this case to waive the application of the cause and prejudice requirement as Patterson does not appear to be factually innocent of the crime of second degree murder and no fundamental miscarriage of justice is apparent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.