38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard E. SHUMATE, Petitioner-Appellant,
v.
Terry L. MORRIS, Warden, Respondent-Appellee.
 No. 94-3441.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: KENNEDY and MARTIN, Circuit Judges, and GUY, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard E. Shumate, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that he will not be filing a brief.
 
 
 2
 In May 1987, Shumate was indicted on one count of engaging in a pattern of corrupt activity, two counts of aggravated trafficking in drugs, and one count of permitting drug abuse (Case No. 34218). The indictment contained eight specifications. In September 1987, Shumate was indicted on one count of engaging in a pattern of corrupt activity, two counts of aggravated trafficking in drugs, and one count of permitting drug abuse (Case No. 34766). In Case No. 34218, Shumate pleaded guilty to one count of engaging in a pattern of corrupt activity and one count of permitting drug abuse with a specification. Shumate was sentenced to concurrent terms of five to twenty-five years on the corrupt activity charge and two to five years on the drug abuse charge.
 
 
 3
 In Case No. 34766, Shumate pleaded guilty to one count of engaging in a pattern of corrupt activity with a specification and two counts of drug trafficking with specifications. Shumate was sentenced to concurrent terms of five to twenty-five years on the corrupt activity charge and five years actual to twenty-five years on one drug trafficking count. The trial court further ordered Shumate to serve a term of seven actual to twenty-five years incarceration on the remaining drug trafficking count, which was to be served consecutively with the other counts in this case. The sentences imposed in Case No. 34766 were to run concurrently with the sentences imposed in Case No. 34128.
 
 
 4
 In 1990, Shumate moved to vacate his sentence in the state trial court contending that his counsel was ineffective, that the plea was not voluntary, and that the plea was in violation of the Double Jeopardy Clause to the United States Constitution. The trial court denied the motion. After exhausting his available state court remedies, Shumate filed a petition for a writ of habeas corpus continuing to argue the same three issues that he presented to the state courts of Ohio. The district court dismissed the petition as meritless.
 
 
 5
 In his timely appeal, Shumate continues to argue the merits of his petition. He requests oral argument.
 
 
 6
 Upon review, we affirm the district court's judgment because Shumate has failed to establish that he was denied a fundamental right resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 7
 Shumate contends that his guilty plea was not voluntary because he did not understand the consequences of his plea concerning the forfeiture of his property. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991). The trial court's guilty plea transcript establishes that Shumate specifically agreed on several occasions to the forfeiture of his property and that Shumate understood the consequences of his plea. The argument is meritless.
 
 
 8
 Shumate contends that his right to be free from double jeopardy was violated because the forfeiture of his property was in violation of Ohio law. Alleged violations of state law are not cognizable in a federal habeas corpus proceeding absent a denial of a substantial federal right. See Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988). As Shumate's argument concerns an issue involving purely state procedural law, the argument is not reviewable. Id.
 
 
 9
 Finally, Shumate contends that his trial counsel was ineffective. To establish that his attorney rendered ineffective assistance, Shumate must show that his attorney's performance was so deficient as to render the proceedings unfair and the results unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). In the context of a guilty plea, while the performance prong of the Strickland test remains the same, to establish prejudice, Shumate must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas, 818 F.2d at 480. The record before the court simply does not establish that Shumate has satisfied his burden under Strickland and Hill.
 
 
 10
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.