THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* INGINIO CRUZ MARTINEZ, Defendant-Appellant.

(No. 56714;

First District—October 4, 1972.

Alan E. Sohn, of Chicago, (Concannon, Dillon, Snook & Morton, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Stephen J. Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Inginio Martinez, pleaded guilty to one count of murder and two counts of attempted murder. He was sentenced to the penitentiary for not less than 14 years, nor more than 40 years for murder and not less than 10 years, nor more than 20 years for each count of attempted murder, the sentences to run concurrently. Subsequently, defendant filed a *pro se* petition under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 123—1 *et seq.*) The Circuit Court granted the State's motion to dismiss the petition and the defendant's appeal is from the order of dismissal. In his petition, the defendant contends:

> 1. That he was denied the procedural requisites of the Fourteenth Amendment Due Process as the record does not disclose that he was admonished of nor that he understood the consequences of his guilty plea;
>
> 2. That the Due Process and Equal Protection clauses of the Fourteenth Amendment were violated by the court's failure to provide an official court reporter who could transcribe the English portion of the proceedings into Spanish and the Spanish portion of the proceedings into English; and
>
> 3. That his fear of being sentenced to death if he did not plead guilty placed an unconstitutional condition upon the exercise of his right to assert the privilege against self-incrimination and his right to a jury trial.

Defendant's first contention was that his guilty plea was not intelligently and understandingly made. Defendant's private attorney stated in court that "after duly consulting with Mr. Martinez, in his own language and consulting with the various members of his family, and being fully advised of the consequences of his plea, he wishes to give the court a plea of guilty."

The following discourse took place among the trial judge, defendant's attorney and the defendant.

"THE COURT: Very well, I would like the record to show, Mr.

Bradley, that you are conversant with the Spanish language, is that right?

MR. BRADLEY: Yes, sir.

THE COURT: State for the record, what your knowledge of the Spanish language is.

MR. BRADLEY: All right, your honor. I am a native of Algeciras, province of Andalusia, in the kingdom of Spain. I am bilingual since birth. I am a graduate of the University of Madrid Law School and thereafter, upon coming to this country, I again engaged in law school because my civil law education was unacceptable, and thereafter I have had many clients of both Spanish, Puerto Rican and other Spanish speaking people.

THE COURT: And you have no difficulty understanding Spanish.

MR. BRADLEY: None at all. I am bilingual.

THE COURT: I must advise Mr. Martinez that when he pleads guilty he automatically waives his right to a trial by jury. You tell him so.

MR. BRADLEY: Yes, sir. He understands, sir.

THE COURT: I will have to warn your client, and when I do, I suggest you repeat after me my warning which I will give, and you will give it to him in Spanish so that he understands it.

MR. BRADLEY: Yes.

THE COURT: Inginio Cruz Martinez, in indictment 62-2309, before accepting your plea of guilty it is my duty to advise you that on your plea of guilty to this indictment, which charges you with murder—

MR. BRADLEY: Yes, sir.

THE COURT: (continuing)—you may be sentenced to death—

MR. BRADLEY: Yes, sir.

THE COURT: Or you may be sentenced to any number of years not less than 14 years.

MR. BRADLEY: Yes.

THE COURT: Knowing that do you still persist in your plea of guilty?

MR. BRADLEY: Yes, sir.

THE COURT: Let the record show that the defendant has been advised of the consequences of a plea of guilty to this indictment and after being so advised he persists in his plea. The plea, therefore, will be accepted, there will be a finding of guilty of murder in manner and form as charged in this indictment. There will be a judgment on the finding.

MR. BRADLEY: Yes, sir."

The trial court conducted a similar discourse concerning the two indictments for attempted murder.

■■ The record indicates that the trial court determined that the guilty pleas were intelligently and understandingly made. The trial court did not delegate its duty to determine the voluntariness of defendant's guilty plea. Defendant's competent, privately retained attorney served ably as interpreter for the trial court and the defendant. We find that defendant's guilty plea was knowingly and understandingly made.

■■ Defendant's second contention was that his constitutional rights were violated by the court's failure to provide an official court reporter who could transcribe the English portion of the proceedings into Spanish and the Spanish portion of the proceedings into English.

The trial court made sure that defendant's attorney was qualified to act as interpreter for defendant. Defendant's attorney was instructed to translate the proceedings into Spanish so that the defendant would understand the court's admonishments concerning a guilty plea and waiver of jury trial. Defendant was represented by a privately retained attorney who was well qualified to represent the defendant. Adequate precautions were taken to protect defendant's Fourteenth Amendment rights.

Defendant's third contention was that his fear of being sentenced to death if he did not plead guilty placed an unconstitutional condition upon the exercise of his right to assert the privilege against self-incrimination and his right to a jury trial.

■■ The allegation of fear of a possible death penalty is not sufficient to invalidate the defendant's otherwise knowing and intelligent plea of guilty, which had been discussed with competent, privately retained counsel. (*People v. Scott*, 49 Ill.2d 231, 274 N.E.2d 39.) We have found that defendant's attorney was competent. Defendant's attorney stated that he discussed the guilty plea and its consequences with the defendant and his family before the plea was made. Therefore, defendant's contention that he was coerced into entering a guilty plea because of his fear of the death penalty is not sufficient to invalidate his guilty plea.

After having viewed each and every allegation contained in defendant's petition under the Post-Conviction Hearing Act, we are of the opinion that the petition was correctly dismissed by the trial court for failure to sufficiently allege substantial constitutional questions.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.