## PEOPLE v ATSILIS

1. Criminal Law—Appointment of Interpreter—Judge's Discretion—Statutes.

Appointment of an interpreter for a defendant when it appears that he is incapable of understanding the nature of, or of defending himself in, the proceedings against him because he is unable to understand the English language, is a matter for the trial judge's discretion (MCLA 775.19a).

2. Criminal Law—Language Proficiency—Judges—Evidence.

A trial judge is not under a duty to affirmatively establish a criminal defendant's proficiency in the English language when no evidence is presented that could raise the issue.

3. Appeal and Error—Preserving Question.

The Court of Appeals will not consider an issue raised for the first time on appeal.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 April 10, 1975, at Detroit. (Docket No. 20842.) Decided April 28, 1975.

Luis Atsilis was convicted, on his plea of nolo contendere, of attempted larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 338.

Right of accused to have evidence interpreted to him. 140 ALR 774.

[3] 5 Am Jur 2d, Appeal and Error § 545.

*John C. Mouradian,* Assistant Prosecuting Attorney, for the people.

*M. Hector Cisneros,* for defendant on appeal.

Before: R. B. BURNS, P. J., and M. J. KELLY and O'HARA,* JJ.

R. B. BURNS, P. J. The defendant pled nolo contendere to the charge of attempted larceny in a building. MCLA 750.92; MSA 28.287. He was sentenced to a term of one to two years in prison. Defendant's only claim, on appeal, is that he was deprived of his right to due process of law by the trial judge's failure to appoint an interpreter in defendant's behalf.

Defendant is a Puerto Rican and claims to have little knowledge of the English language. Consequently, he contends that he did not fully understand the nature of the proceedings against him. The question of whether an interpreter is needed for the defendant is a matter for the trial judge's discretion. MCLA 775.19a; MSA 28.1256(1), *Perovich v United States,* 205 US 86; 27 S Ct 456; 51 L Ed 722 (1907). Whenever it appears that a defendant is incapable of understanding the nature of, or of defending himself in, the proceedings against him because he is unable to understand the English language, an interpreter should be appointed in his behalf. But a trial judge is not under a duty to affirmatively establish a defendant's proficiency in the English language when no evidence is presented to him that could put the issue in doubt. In the present case, neither the record nor defendant's trial counsel indicated that defendant had any difficulties with English. The trial judge him-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

self interrogated defendant when he submitted his plea, and the interrogation produced no evidence of a language barrier. Under these circumstances, we can only affirm the trial court.

Furthermore, defendant has raised this issue for the first time on appeal. The trial judge has not been given an opportunity to investigate the factual basis of the claim. This Court will not consider an issue raised for the first time on appeal. *People v White,* 53 Mich App 51; 218 NW2d 403 (1974).

Affirmed.