PEOPLE v SEPULVEDA

Docket No. 45339. Submitted October 9, 1980, at Lansing.—Decided December 17, 1980.

Anacleto Sepulveda was convicted of delivery of heroin in the Saginaw Circuit Court, Joseph R. McDonald, J. Defendant appeals, alleging that, as a Mexican national unable to speak English, he was denied a fair trial because the trial court, even though not requested, failed to appoint an interpreter for him. Defendant was represented by an attorney fluent in Spanish. *Held:*

No abuse of discretion occurs from the failure to provide an interpreter where the defendant is represented by a bilingual attorney and no request for an interpreter is made at trial.

Affirmed.

CRIMINAL LAW — APPOINTMENT OF INTERPRETER — STATUTES.

The question of whether or not to provide an interpreter to a criminal defendant is within the trial court's discretion; no abuse of discretion occurs from the failure to provide an interpreter where the defendant is represented by a bilingual attorney and no request for an interpreter is made at trial (MCL 755.19a; MSA 28.1256[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Patrick M. Meter,* Chief Assistant Prosecuting Attorney, for the people.

*Mardi Crawford,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

[1] 21 Am Jur 2d, Criminal Law § 338.

Right of accused to have evidence or court proceedings interpreted. 36 ALR3d 276.

Before: V. J. Brennan, P.J., and Allen and Beasley, JJ.

Per Curiam. Following trial by jury in January, 1979, defendant was found guilty as charged of delivery of heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). Sentenced to prison for a term of 10 to 20 years, he appeals of right, raising one issue.

Defendant, a Mexican national unable to speak English, claims he was denied a fair trial because the trial court, even though not requested, failed to appoint an interpreter to translate any and all proceedings to defendant, who was represented by counsel who was fluent in Spanish. At arraignment the following took place:

"THE COURT: Let the record show the Defendant is before the Court with his attorney, that he has received a copy of the information, has waived its reading and stood mute to the charge against him. The Court will enter a not guilty plea on his behalf.

"Mr. Sepulveda, you have not been able to post bond as set by the District Judge, is that right?

"MR. VARGAS: Your Honor, my client does not speak English. He only speaks Spanish.

"THE COURT: Can you interpret for him?

"MR. VARGAS: Yes. As his attorney I will state for the record that I am bilingual. I speak Spanish fluently and have explained to him the various aspects of the case. It is highly unlikely that posting bond will be of any benefit to him, because he is an illegal alien and he is awaiting deportation."

At no time did defendant or his counsel request the assistance of an interpreter. Further, the court took judicial notice of counsel's fluency in the Spanish language.

The question of whether or not to provide an

interpreter under MCL 775.19a; MSA 28.1256(1) is within the trial court's discretion. *People v Atsilis,* 60 Mich App 738, 739; 231 NW2d 534 (1975). Where defendant is represented by a bilingual attorney and where no request is made at trial for an interpreter, no abuse of discretion occurs. *People v Martinez,* 7 Ill App 3d 1075; 289 NE2d 76 (1972). Nothing in the record suggests that the accused was unable to communicate with his attorney. In fact, the record indicates that defendant and his counsel consulted several times without apparent difficulty. Where an accused is able to communicate with his counsel during trial, the courts have found no abuse of a trial judge's discretion in failing to appoint an interpreter. Anno: *Right of accused to have evidence or court proceedings interpreted,* 36 ALR3d 276, § 9(c), pp 300-302. We find no error.

Affirmed.