PEOPLE v HAWKINS

Docket No. 65865. Submitted June 26, 1986, at Grand Rapids. Decided
February 18, 1987. Leave to appeal applied for.

Eugene W. Hawkins was convicted of first-degree criminal sexual
conduct, Oceana Circuit Court, Terrence R. Thomas, J. The
victim was defendant's estranged wife, with whom he had been
living in Oklahoma. Prior to the assault the victim moved to
Michigan and filed a complaint for divorce. At the time of the
filing of the complaint, the victim had not satisfied the resi-
dency requirement for divorce. Defendant appealed.

The Court of Appeals *held:*

A person may not be convicted of a sexual assault upon a
victim who is the person's legal spouse, who is living apart
from the other and who has filed for divorce, but has not in fact
met the jurisdictional residency requirements for the filing of a
divorce complaint.

Conviction and sentence vacated and defendant discharged
from custody.

1. DIVORCE — DOMICILE — COUNTY RESIDENCY.

The requirement that in order to be granted a judgment of
divorce a person must have resided in the county in which the
complaint for divorce was filed for ten days immediately pre-
ceding the filing, like the 180-day state residency requirement,
is a jurisdictional provision (MCL 552.9; MSA 25.89).

2. CRIMINAL LAW — STATUTES — JUDICIAL CONSTRUCTION.

Criminal statutes are strictly construed, and a defendant cannot
be convicted under a statute unless his acts are clearly and
unequivocally encompassed by its terms.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 232 *et seq.*
Am Jur 2d, Rape § 27.5.
Am Jur 2d, Statutes §§ 287-289, 293 *et seq.*
Criminal responsibility of husband for rape, or assault to commit
rape, on wife. 24 ALR4th 105.
See also the annotations in the Index to Annotations under Divorce
and Separation; Husband and Wife.

3. Criminal Law — Courts — Crimes.

Courts have no authority to infer the existence of crimes not defined by statute or by common-law precedent.

4. Statutes — Judicial Construction — Common Law.

Statutes in derogation of the common law must be strictly construed.

5. Husband and Wife — Rape — Common Law.

A husband could not be guilty of raping his wife at common law.

6. Rape — Spousal Immunity — Husband and Wife.

A person may not be convicted of a sexual assault upon a victim who is the person's legal spouse, who is living apart from the other and who has filed for divorce but has not in fact met the jurisdictional residency requirements for the filing of a divorce complaint (MCL 552.9; MSA 25.89).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Anthony A. Morton,* Prosecuting Attorney, and *Thomas C. Johnson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: R. B. Burns, P.J., and R. M. Maher and F. D. Brouillette,* JJ.

F. D. Brouillette, J. Defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). He was sentenced to from twenty-seven to ninety-two years in prison. He now appeals and we reverse.

The victim is defendant's estranged wife. Defendant and the victim lived together as man and wife in Oklahoma. The victim left defendant, and Oklahoma, and moved to Michigan. Shortly after her arrival in Michigan, the victim consulted with an attorney in order to secure a divorce. The attorney drafted a divorce complaint. The victim

* Circuit judge, sitting on the Court of Appeals by assignment.

signed it but indicated to her attorney that she had been in the state less than ten days and did not satisfy the residency requirements, which the complaint alleged had been satisfied. The attorney apparently assured her, incorrectly, that the complaint would be valid by the time the divorce went to judgment. The complaint was filed on October 9, 1981.

During the early morning hours of November 3, 1981, the victim was staying with her sister at the sister's home in Oceana County. At approximately 3:45 A.M., defendant forced his way into the sister's home. He awakened the victim and confronted her about the pending divorce and visitation with the children. After securing the victim's sister in her bedroom, defendant forced the victim to engage in various sexual acts against her will. Defendant was armed with both a knife and a revolver at the time of the assault.

Defendant raises four issues on appeal, one of which is dispositive. MCL 750.520l; MSA 28.788(12) provides as follows:

> A person does not commit sexual assault under this act if the victim is his or her legal spouse, unless the couple are living apart and one of them has filed for separate maintenance or divorce.

MCL 552.9; MSA 25.89 establishes a residency requirement for the filing of a divorce complaint:

> A judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint.

Both the 10-day and the 180-day residency requirements are jurisdictional. *Stamadianos v Stamadianos,* 425 Mich 1; 385 NW2d 604 (1986). In the case at bar, neither requirement was met. As a result, the victim's complaint for divorce was dismissed for lack of subject-matter jurisdiction.

The question for our consideration is whether the spousal immunity provision of MCL 750.520l; MSA 28.788(12) is applicable where, as here, the victim attempted to file a complaint for divorce with the circuit court clerk, but the "filing" was defective because the statutory residency requirement was not met. We conclude that defendant is entitled to the protection of the spousal immunity clause.

Foremost in our consideration is the principle of strict construction of criminal statutes, as stated by the Court in *People v Kubasiak,* 98 Mich App 529, 534; 296 NW2d 298 (1980), which construed the same statute:

> Criminal statutes are strictly construed. A defendant cannot be convicted under the language of a statute unless his acts are clearly and unequivocally uncompassed [sic, "encompassed"?] by its terms. *People v Lyons,* 93 Mich App 35, 43; 285 NW2d 788 (1979). The rule is most often employed in determining what actions come within the scope of a statutory prohibition. If there is doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of the defendant. This principle is based on the idea of notice to the defendant. *People v Ellis,* 204 Mich 157, 161; 169 NW 930 (1918).
>
> This principle also reflects the premise that it is the job of the Legislature to define criminal offenses. Restraint by the courts in interpreting criminal statutes works to avoid judicial infringement of that legislative function. No principle is more universally settled than that which deprives all

courts of authority to infer, from their judicial
ideas of policy, crimes not defined by statute or by
common-law precedent. *Ware v Branch Circuit
Judge,* 75 Mich 488, 491; 42 NW 997 (1889), quoted
in *People v Willie Johnson,* 75 Mich App 221, 225;
255 NW2d 207 (1977).

Not only must criminal statutes be strictly con-
strued, so must statutes which abrogate the com-
mon law. *McKinney v Caball,* 40 Mich App 389,
390-391; 198 NW2d 713 (1972). At common law, a
man could not be guilty of raping his wife. *People
v Pizzura,* 211 Mich 71; 178 NW 235 (1920); *Kubas-
iak, supra.* Accordingly, to the extent that the
criminal sexual conduct statute abrogates the com-
mon-law spousal immunity, that abrogation must
be strictly construed.

With these principles in mind, we can now turn
to the question of whether the victim's depositing
of an invalid complaint with the court is sufficient
to exempt this case from the spousal immunity
provisions of MCL 750.520l; MSA 28.788(12). We
conclude that it is not.

If we construe the term "file a complaint" to
merely mean the placing of a document entitled
"complaint" in the hands of the county clerk, then
the exception to spousal immunity would apply
here. The victim did have her attorney "file" such
a document. However, if we strictly construe the
term so as to require a *valid* filing, then the
exception does not apply as the filing was invalid
due to a lack of jurisdiction.

The victim's failure to file a valid complaint was
more than a mere technical defect. The Legisla-
ture has decreed that no person may file a valid
complaint for divorce until he or she has resided
within the state for at least six months. Since that
requirement predates the adoption of MCL

750.5201; MSA 28.788(12), we must presume that the Legislature was aware that persons newly arrived in Michigan would have to wait at least six months before they could file for divorce and, thus, come within the exception to spousal immunity. Therefore, the Legislature knew that individuals in the victim's position could not bring charges against their estranged spouses under the criminal sexual conduct statute. For whatever reason, the Legislature chose not to provide an exception to the spousal immunity provision for persons newly arrived in the state.

Furthermore, if we were to broadly construe the term "file for divorce" to include those complaints filed where the circuit court lacked jurisdiction, we would be endorsing the practice of individuals committing a fraud upon the courts of this state by filing complaints which they know contain false allegations.[1] Likewise, the attorney representing such a party would commit an ethical violation. Code of Professional Responsibility and Canons, DR 7-102(A).

Finally, we interpret the spousal immunity provision exception to be substantive, rather than a mere notice provision. MCL 750.5201; MSA 28.788(12) provides that spousal immunity shall not apply where the spouses are living apart and one has filed for divorce. Were the requirement that a complaint be filed merely one of notice, the Legislature would have required the *service* of the complaint on the other spouse. Rather, the statute ends immunity as soon as the complaint is *filed.*[2] Similarly, if this was a notice requirement, the

---

[1] MCR 3.204(A)(6) requires that complaints for divorce allege the existence of the statutory residency requirement.

[2] We note that there may be due process implications to hold a defendant responsible for a criminal sexual assault where a complaint was filed but he was unaware of the filing. However, that question is not before us.

Legislature could have established some provision for those cases in which the statutory residency requirements have not been met. Rather, we interpret the filing requirement to be a substantive requirement that spousal immunity shall apply until one of the spouses initiates valid divorce proceedings. Implicit in the Legislature's determination that persons newly arrived in the state may not seek a divorce is the determination that they must remain subject to the spousal immunity provisions of the criminal sexual conduct statute as well until the residency requirement is met.

For these reasons, we conclude that the spousal immunity provisions of MCL 750.5201; MSA 28.788(12) apply where, as here, a divorce complaint has been deposited but the court with which it was deposited lacked subject-matter jurisdiction due to the failure to meet the residency requirements of MCL 552.9; MSA 25.89. While this interpretation has the effect of preventing new residents of the state from avoiding the spousal immunity doctrine,[3] it is for the Legislature, not this Court, to change that rule.

Since, in the case at bar, the complaint for divorce was invalid due to a failure to meet the statutory residency requirement, we must conclude that defendant is entitled to spousal immunity. Accordingly, pursuant to the provisions of MCL 750.5201; MSA 28.788(12), he could not commit the crime of first-degree criminal sexual conduct.

Defendant's conviction and sentence are vacated. Defendant is ordered discharged from custody.

---

[3] Naturally, a person could seek a valid divorce in her previous state of residence prior to moving to Michigan and thereby defeat the spousal immunity provision since it is not necessary that the complaint for divorce be filed in Michigan. However, that did not occur here.