PEOPLE v WARREN (AFTER REMAND)

Docket No. 125104. Submitted February 10, 1993, at Detroit. Decided
July 19, 1993, at 9:00 A.M. Leave to appeal sought.

Gerald E. Warren was convicted by a jury in the Recorder's Court
for the City of Detroit, Joseph A. Gillis, J., of two counts of
assault with intent to murder, one count of breaking and
entering with intent to commit a felony, and two counts of
assault with intent to rob while unarmed. He appealed, and the
Court of Appeals, CYNAR, P.J., and HOOD, J. (MURPHY, J.,
concurring in the result only), reversed the convictions of
assault with intent to murder and remanded for further pro-
ceedings. Unpublished opinion per curiam of the Court of
Appeals, decided March 24, 1989 (Docket No. 103743). On
remand, a jury found the defendant guilty of two counts of
assault with intent to murder, and the court, Isidore B. Torres,
J., sentenced him to concurrent prison terms of twenty-five to
fifty years. The defendant appealed.

After remand, the Court of Appeals *held:*

1. The prosecution presented sufficient evidence regarding
the defendant's specific intent to kill. The trial court properly
denied the defendant's motion for a directed verdict.

2. *No error requiring reversal resulted from the prosecutor's*
closing argument. Because the defendant failed to object to the
prosecutor's comments at trial, appellate review is precluded
unless any prejudicial effect could not have been cured by a
cautionary instruction and failure to consider the issue would
result in a miscarriage of justice. The comments in this case did
not result in a miscarriage of justice, and any prejudicial effect
could have been cured by cautionary instructions.

3. The trial court did not abuse its discretion in failing to
appoint an interpreter for one of the complainants who testified
at the trial. The witness was understandable, comprehensible,
and intelligible and was able to communicate in English. Any

REFERENCES

Am Jur 2d, Trial § 231.
Right of accused to have evidence or court proceedings interpreted.
36 ALR3d 276.

difficulty in the ability to communicate related to his difficulty in hearing and advanced age.

Affirmed.

CRIMINAL LAW — WITNESSES — APPOINTMENT OF INTERPRETER.

The Court of Appeals will reverse a trial court's decision regarding whether to appoint an interpreter for a witness only where an abuse of discretion occurred; an abuse of discretion will be found only where it appears from the record that the witness was not understandable, comprehensible, or intelligible and that the absence of an interpreter deprived the defendant of some basic right.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), and Gerald E. Warren, in propria persona.

AFTER REMAND

Before: HOLBROOK, JR., P.J., and GRIFFIN and REILLY, JJ.

HOLBROOK, JR., P.J. This appeal results from the defendant's second trial on charges arising from a robbery. Originally, a jury convicted the defendant of two counts of assault with intent to murder, MCL 750.83; MSA 28.278, one count of breaking and entering with intent to commit a felony, MCL 750.110; MSA 28.305, and two counts of assault with intent to rob while unarmed, MCL 750.88; MSA 28.283. In an unpublished opinion per curiam, decided March 24, 1989 (Docket No. 103743), this Court reversed the convictions of assault with intent to murder and remanded the case for further proceedings. A jury subsequently found the

defendant guilty of two counts of assault with intent to murder. The trial court sentenced the defendant to concurrent prison terms of twenty-five to fifty years. Defendant appeals as of right from this judgment. We affirm.

Defendant first argues that the trial court erred in denying his motion for a directed verdict, because the prosecution presented insufficient evidence concerning the specific intent to kill.

When ruling on a motion for a directed verdict, the trial court must consider the evidence presented in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Schollaert,* 194 Mich App 158, 169-170; 486 NW2d 312 (1992). This Court applies the same standard when reviewing a ruling on such a motion. *People v Daniels,* 192 Mich App 658, 665; 482 NW2d 176 (1992).

The elements of the crime of assault with intent to murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *People v Lawton,* 196 Mich App 341, 350; 492 NW2d 810 (1992). Circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense. *Id.* The intent to kill may be proven by inference from any facts in evidence. *Id.*

After reviewing the record, we conclude that the prosecution presented sufficient evidence concerning the intent to kill. In a light most favorable to the prosecution, the evidence shows that the defendant's accomplice bound the two complainants, Janina Pomaska and Peter Bosyk, with duct tape. The tape covered their noses and mouths. Both

complainants testified that one of the men struck them. When the police arrived at the scene moments later, the complainants were bleeding, appeared to have been beaten, and were blue or purple in their faces. Pomaska's name and address appeared in a notebook found in the defendant's home. The police found at the crime scene a bag containing a screwdriver, wire cutters, plastic ties, handcuffs, and duct tape. Defendant admitted that he brought this bag into the complainants' house, but denied that duct tape was in the bag. After considering these facts, we find no error in submitting the charges of assault with intent to murder to the jury.

Defendant next argues that the prosecutor's closing argument was improper and denied him due process of law and a fair trial. However, because the defendant failed to object to these comments at trial, appellate review is precluded unless any prejudicial effect could not have been cured by a cautionary instruction and failure to consider the issue would result in a miscarriage of justice. *People v Crawford,* 187 Mich App 344, 354; 467 NW2d 818 (1991).

We find that the comments that the defendant now objects to did not result in a miscarriage of justice. The prosecutor argued that the defendant deliberately targeted the home of the complainants in part because of their age and frail conditions and in part because the defendant was specifically looking for something there. Defendant claims that the prosecutor's references to the complainants' ages, frailty, and helplessness constituted an appeal to the jury's sympathy that unfairly prejudiced the jury and denied him a fair trial. However, the evidence presented at trial supports the prosecutor's characterization of the complainants as frail and old. Moreover, we find

that the prosecutor was relating the facts adduced at trial to his theory of the case when he argued that the defendant tortured Pomaska because he was looking for something in particular. *People v Sharbnow,* 174 Mich App 94, 100; 435 NW2d 772 (1989). Defendant admitted writing Pomaska's name and address in his notebook and also planning the break-in. We find no manifest injustice in the prosecutor's relating the fact that the defendant, who lived several miles from the scene of the crime, selected a simple home where two elderly people lived. We also find no merit in the defendant's claim that the prosecutor misled the jury by implying that an acquittal would allow the defendant to "walk away" unpunished. Although the jury knew there had been a prior trial regarding this incident because prior testimony of the complainants was read into the record, it would not have known whether the defendant had been convicted. Further, the trial court suppressed evidence of the defendant's prior convictions following his motion. We conclude that any prejudicial effect of these comments could have been cured by cautionary instructions. *Crawford, supra.* Thus, we find no error requiring reversal.

Finally, in his appellate brief filed in propria persona, the defendant argues that the trial court abused its discretion in failing to appoint an interpreter for complainant Bosyk, thus denying him his right to effectively cross-examine the witness. This is an issue of first impression.[1]

---

[1] We note that the issue concerns neither the appropriate method for selecting interpreters nor the necessary qualifications to serve as an interpreter at trial. MCL 775.19a; MSA 28.1256(1) directs a judge to appoint an interpreter for an accused person if that person is about to be examined or tried and it appears that the person is incapable of adequately understanding the charge or presenting a defense to the charge because of the inability to understand or speak the English language. Comparatively, the issue in the present case concerns a witness' capacity to understand the English language.

Defendant requested an interpreter for Bosyk. The trial court determined that Bosyk was competent to testify and that he did not require an interpreter.[2] The court found that Bosyk understood the English language, and noted that Bosyk had "a tremendous hearing problem" and that his advanced age of eighty years had worn upon his mind. The court further found that Bosyk had "some inability to respond to the questioning," but that the problem was based on hearing and not on any problems understanding the English language. The court left open the possibility of reconsidering its decision if there was nothing to be gained from his testimony, if his testimony delayed the proceedings, or if his testimony was detrimental to the defendant. Bosyk testified for approximately fifteen minutes. Because defense counsel encountered difficulty in cross-examining Bosyk because of Bosyk's inability to recall his prior testimony and to have that recollection refreshed, the prosecutor and the defense counsel agreed to have Bosyk's preliminary examination testimony read into the record. Bosyk was then excused.

Generally, this Court reviews a trial court's decision regarding whether to appoint an interpreter for a defendant for an abuse of discretion. *People v Sepulveda,* 102 Mich App 777, 778-779; 302 NW2d 256 (1980), rev'd on other grounds 412 Mich 889 (1981); *People v Atsilis,* 60 Mich App 738, 739; 231 NW2d 534 (1975). We find this standard of review equally applicable to the court's decision regarding whether to appoint an interpreter for a witness. We will find an abuse of discretion only where it appears from the record

[2] The trial court provided Bosyk an interpreter at the defendant's preliminary examination and first trial. When the interpreter asked Bosyk questions in either Polish or Ukrainian, Bosyk responded in English.

that the witness was not understandable, comprehensible, or intelligible and that the absence of an interpreter deprived the defendant of some basic right. *People v Molina,* 94 Ill App 3d 233, 239; 418 NE2d 826 (1981).

We have reviewed the record in the present case and find no abuse of discretion. Bosyk came to the United States in 1954. At trial, Bosyk showed his ability to communicate in English by responding in English to many questions. His difficulties in answering questions were not solely due to a language barrier. Bosyk had difficulty in hearing, and defense counsel acknowledged at trial that the witness did not respond well at the preliminary examination when asked questions in his native language. Further, the eighty-year-old witness had difficulty remembering events that took place almost three years earlier.

The cases the defendant relies upon are distinguishable. The Illinois Supreme Court in *People v Shok,* 12 Ill 2d 93; 145 NE2d 86 (1957), held that the trial court denied the defendant his basic right of cross-examination in failing to appoint an interpreter for a witness where the witness' comprehension of the English language was meager, the witness had great difficulty in expressing herself, and the trial court restricted cross-examination to the kind the witness could understand. In *People v Avila,* 50 Cal App 228; 194 P 768 (1920), the appellate court found that the witness did not understand or comprehend the meaning of the questions and repeatedly stated that she did not understand the English language. Likewise, *Davis v Alaska,* 415 US 308; 94 S Ct 1105; 39 L Ed 2d 347 (1974), is distinguishable because the defendant in that case was denied effective cross-examination when he was denied the opportunity to impeach a key witness. The trial court in the

present case was aware of Bosyk's problems in testifying, allowed the witness to testify, excused the witness during the defendant's cross-examination, and allowed his preliminary examination to be read into the record. The trial court was in a better position to decide the issue, and, on this record, we decline to find that the witness was not understandable, comprehensible, or intelligible.

Affirmed.