33 F.3d 55
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andre D. SNELL, Petitioner-Appellant,
v.
Martin MAKEL, Warden, Muskegon Correctional Facility,
Respondent-Appellee.
 No. 94-1275.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Andre D. Snell, a pro se Michigan prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, he has filed a motion to strike portions of the joint appendix. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 5, 1985, Snell pleaded guilty to assault with intent to commit murder and was sentenced to a term of fifteen to forty years in prison. The procedural history of Snell's post-conviction attempts to set aside his guilty plea is set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that in his petition for a writ of habeas corpus, Snell raised the following four claims:
 
 
 3
 1. Ineffective assistance of trial counsel because trial counsel failed to object to Snell's plea not being voluntary and accurate;
 
 
 4
 2. Denial of due process of law because the trial court accepted his guilty plea despite Snell's protestations of his innocence and the coercion which was exerted upon him to plead guilty;
 
 
 5
 3. Ineffective assistance of trial counsel because trial counsel advised Snell to plead guilty to an offense despite Snell's claims of innocence as well as the fact Snell stated he lacked the requisite intent to kill to support the charge for which he was pleading guilty; and
 
 
 6
 4. Ineffective assistance of appellate counsel.
 
 
 7
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied on the merits. Despite Snell's objections, the district court adopted the report and recommendation in an opinion and judgment dated February 1, 1994. This appeal followed.
 
 
 8
 Initially, we note that Snell only raised objections to the magistrate judge's report and recommendation concerning his due process and ineffective assistance of trial counsel claims. Accordingly, he has waived his right to appellate review with regard to his claim of ineffective assistance of appellate counsel. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508 (6th Cir.1991).
 
 
 9
 The resolution of the issues raised in Snell's habeas petition revolve around a determination of whether his plea was made voluntarily and intelligently. Upon review, we affirm the district court's judgment because Snell has not shown that his guilty plea proceedings were fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 10
 The totality of the circumstances demonstrates that Snell entered a knowing, voluntary, and intelligent guilty plea. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991). Moreover, because Snell's guilty plea was made freely and voluntarily, it necessarily follows that his claim of ineffective assistance of trial counsel due to counsel's failure to object to his plea not being voluntarily made must fail. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 11
 Finally, Snell's claim that trial counsel was ineffective, because counsel advised Snell to plead guilty to assault with intent to commit murder despite a lack of a factual basis upon which the trial court could accept his plea, is without merit. In Michigan, a factual basis to support a plea exists if an inculpatory inference can be drawn from what the defendant has admitted. In re Guilty Plea Cases, 235 N.W.2d 132, 145 (Mich.1975), cert. denied, 429 U.S. 1108 (1977). This holds true even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference. Id. Even if the defendant denies an element of the crime, the court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. People v. Haack, 240 N.W.2d 704, 708 (Mich.1976).
 
 
 12
 The elements of the crime of assault with intent to commit murder are: (1) an assault; (2) with actual intent to kill; (3) and which, if successful, would make the killing murder. People v. Warren, 504 N.W.2d 907, 908 (Mich.Ct.App.1993), appeal denied, 1994 WL 159507, 1994 Mich. LEXIS 657 (Apr. 8, 1994).
 
 
 13
 An examination of the relevant portions of the plea transcript reveals that there was a sufficient factual basis to support the trial court's acceptance of Snell's plea of guilty of assault with intent to commit murder based upon inculpatory inferences that may be drawn from what Snell admitted. Snell had been chasing the victim from the scene of a fight. Snell related being armed with a gun and that he pursued the victim who fled into an apartment. The victim slammed the apartment door shut in front of Snell. Being angry and frustrated, Snell shot at the victim, through the closed door, with the intention of hitting the victim. The victim was struck in the chest by Snell's gunshot. In light of the overwhelming weight of these admissions, counsel's failure to object to the guilty plea as not being supported by facts does not rise to incompetence in a constitutional sense. Hill, 474 U.S. at 56.
 
 
 14
 For the foregoing reasons, the motion to strike portions of the joint appendix is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.