PEOPLE v D'ANGELO

Docket No. 169630. Submitted December 7, 1994, at Grand Rapids.
Decided January 17, 1995, at 10:25 A.M.

Christine L. D'Angelo was convicted by a jury in the 89th District
Court, Harold A. Johnson, J., of entering without permission a
dwelling house that she owned but that was occupied by
someone else. The Cheboygan Circuit Court, Robert C. Livo, J.,
affirmed. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. The trial court erred in denying the defendant's motion for
a directed verdict with regard to the charge of entry without
permission.

2. The trial court erred in adding language to the applicable
standard jury instruction where the language added was con-
trary to the statute under which the defendant was charged.

3. The relevant statute, MCL 750.115; MSA 28.310, clearly
states that permission to enter a dwelling may be obtained
from the owner or occupant, and does not require that permis-
sion to enter be obtained from each of the enumerated entities.
It is reasonable to surmise that permission from any of those
designated entities is sufficient. Because the statute does not
clearly proscribe the defendant's conduct, the conviction must
be reversed.

Reversed.

CRIMINAL LAW — BREAKING AND ENTERING — PERMISSION TO ENTER
PREMISES.

The statute making criminal the entering of a dwelling without
permission does not require that permission to enter be ob-
tained from each of the enumerated entities; permission to
enter from any of the designated entities, such as an owner, is
sufficient (MCL 750.115; MSA 28.310).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Joseph P. Kwiatkowski,*

REFERENCES

Am Jur 2d, Burglary § 64.5.
See ALR Index under Breaking and Entering.

Prosecuting Attorney, and *Catherine M. Castagne,* Chief Assistant Prosecutor, for the people.

*Scott L. Pavlich,* for the defendant.

Before: M. J. KELLY, P.J., and CONNOR and J. M. GRAVES, JR.,* JJ.

CONNOR, J. A jury in the 89th District Court convicted defendant of entering without permission, MCL 750.115; MSA 28.310. The Cheboygan Circuit Court affirmed defendant's conviction. Defendant appeals by leave granted. We reverse.

This case stems from an incident in which defendant entered a dwelling house that she owned, but which was occupied by Sharon K. Bishop, without Bishop's permission. Bishop testified that in August of 1992, she lived in the residence at 9050 Afton Road in Cheboygan County with her children as well as her fiance and his children. Bishop's fiance is defendant's son. When Bishop first moved into the residence, she paid rent to her fiance, but, after their engagement, she stopped paying him rent. Testimony revealed that on August 23, 1992, defendant pulled into the driveway adjacent to the house and approached the front porch in an angry, belligerent manner. According to Bishop, defendant picked up a shovel, slammed it against the front of the house and tried to enter the residence. Bishop testified that defendant was able to get a foot inside the door before she was able to close the door. Defendant did not have permission to enter the residence.

The trial court granted defendant's motion for a directed verdict with regard to a charge of malicious destruction of property. However, the court declined to grant a directed verdict regarding a

* Circuit judge, sitting on the Court of Appeals by assignment.

charge of entry without permission, reasoning as follows:

> [I]t's the Court's belief that an owner could be criminally liable for entering without permission, a premises of which they are the owner. And I say that because I believe that when . . . possession is relinquished to a third party, third person, they then enjoy some rights with regard to the use and enjoyment of the property and could exclude the owner and so if the owner goes on those premises without permission, he or she could be criminally responsible. And that's the way I read the statute.

We find the trial court erred in denying the motion for a directed verdict with regard to the charge of entry without permission. *People v Warren (After Remand),* 200 Mich App 586, 588; 504 NW2d 907 (1993).

MCL 750.115; MSA 28.310 states that

> [a]ny person who shall break and enter, or shall enter without breaking, any dwelling . . . without first obtaining permission to enter from the *owner or occupant,* agent, or person having immediate control thereof, shall be guilty of a misdemeanor . . . . [Emphasis added.]

Both defendant and the prosecution expressed dissatisfaction with the standard jury instruction, CJI2d 25.4, because it requires that the prosecutor prove that the defendant entered without getting permission "from someone who had authority to give permission" without further defining who are persons "in authority."[1] Defendant proposed the

---

[1] CJI2d 25.4 states:

(1) [The defendant is charged with the crime of / You may also consider the lesser charge of] entering a building without the owner's permission. To prove this charge, the prosecutor

following special, additional instruction based upon the language of the statute:

> Someone who had authority to give permission would be defined as owner or occupant, agent, or person having immediate control thereof.

The trial court denied that request, electing instead to add language to CJI2d 25.4, paragraph three, so it read:

> Second, that the defendant did this without first getting permission to enter from someone who had authority to give permission. If an owner gives up possession to a third party, they cannot enter without first obtaining permission from the third party.

We find that the language added to CJI2d 25.4 by the trial court was contrary to the statute and should not have been given. *People v Harris,* 190 Mich App 652, 664; 476 NW2d 767 (1991). The statutory language does not require that permission to enter be obtained from each of the enumerated entities. Consequently, we conclude that it is reasonable to surmise that permission from any of those designated entities, such as an owner, should suffice. While we acknowledge that the Legislature may not have intended this result, the statute clearly states that permission to enter may be obtained from the owner or occupant. MCL 750.115; MSA 28.310. We are unable to correct the

must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant entered a building. It does not matter whether the defendant got [his/her] entire body inside. If the defendant put any part of [his/her] body into the building, that is enough to count as an entry.

(3) Second, that the defendant did this without first getting permission to enter from someone who had authority to give permission.

statute simply by modifying CJI2d 25.4. The statute is clear, and it would not have put defendant owner on notice that she was violating the statute by entering the residence that she owned without securing permission from the occupant. *People v Murphy,* 203 Mich App 738, 748; 513 NW2d 451 (1994). Because the statute did not clearly proscribe defendant's conduct, reversal of her conviction is warranted. *People v Hawkins,* 157 Mich App 767, 770; 404 NW2d 662 (1987), reversed on other grounds 428 Mich 903 (1987).

In light of our holding, we need not address defendant's remaining issue.

Reversed.