12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John K. HITCHCOCK, Plaintiff-Appellant,
v.
Joe FOWLER, et al., Defendants-Appellees.
 No. 93-5197.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 E.D.Tenn., No. 92-00791, Jarvis, J.
 E.D.Tenn.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before: NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 John K. Hitchcock, a pro se Tennessee prisoner, appeals a district court judgment dismissing his lawsuit. The court construed the complaint as asserting a civil rights claim under 42 U.S.C. Sec. 1983 and a claim for habeas corpus relief under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief and release from prison, Hitchcock sued individuals in the Knox County Tennessee Sheriff's Department and the Tennessee Department of Human Services. At issue was the manner in which they conducted an investigation and prosecution that led to Hitchcock's being convicted in 1986 for sex offenses. Hitchcock pleaded guilty to charges of sexual abuse of his daughter, stepdaughter and an unrelated nine-year old girl. He received a sentence of incarceration for twenty-five years.
 
 
 3
 Specifically, Hitchcock alleged: (1) that his Miranda rights were violated, (2) that his guilty plea was not voluntarily given, (3) that he received ineffective assistance of counsel, (4) that hearsay evidence was improperly used against him, and (5) that the defendants conducted their investigation into his case illegally and improperly. He did not state the capacity in which the defendants were being sued.
 
 
 4
 The district court construed Hitchcock's action as one seeking habeas corpus relief and as a civil rights suit brought under 42 U.S.C. Sec. 1983. The district court sua sponte dismissed the Sec. 1983 action pursuant to 28 U.S.C. Sec. 1915(d), relying on this court's decision in Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam) (holding that appropriate vehicle for challenge to a conviction is a habeas corpus petition rather than a civil rights suit). The court dismissed the habeas petition because Hitchcock had not demonstrated that he had made any attempt to exhaust his state court remedies. Hitchcock filed a request for reconsideration, arguing that he had exhausted his state court remedies and that he had filed a motion for post-conviction relief in the Tennessee state courts. The district court again denied relief. Hitchcock then filed a timely notice of appeal. His confusing pro se brief has been construed as arguing those claims which he raised in the district court. He has filed a "motion for summary judgment" in which he requests court costs, punitive damages, and miscellaneous relief.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Hitchcock's Sec. 1983 claims as frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Hitchcock has failed to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Furthermore, because Hitchcock did not specifically name the state defendants in their individual capacities, they are not subject to suit under Sec. 1983 for monetary damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 6
 Nonetheless, we conclude that the district court should not have dismissed Hitchcock's habeas claim for failure to exhaust state court remedies. Dismissal was improper because Hitchcock does not now have a remedy to exhaust, more than three years having elapsed since the date of the final action of the highest state court to which an appeal was taken regarding his conviction. See Tenn Code Ann. Sec. 40-30-102; Potts v. State, 833 S.W.2d 60, 61 (Tenn.1992).
 
 
 7
 Although failure to exhaust does not bar relief here, Hitchcock will not be allowed to present claims not presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice resulting therefrom. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). Petitioner's procedural default may also be excused if he can show that failure to consider his claims would result in a fundamental miscarriage of justice, Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991), or that he is actually innocent of the crimes of which he was convicted. Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 8
 We deny Hitchcock's motion for summary judgment, affirm the dismissal of his Sec. 1983 lawsuit, vacate the dismissal of his habeas corpus petition, and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.